**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 3 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

2016 OCT -3 AM 11:20

JAMES W. McCORMACK

UNITED STATES DISTRICT COURT EASTERN DISTRICT ARKANSAS

Terry Joe Doshier ) 27524 009
PO Box 26040 FCI med )
Beaumont Texas )
77720 )

BY: _____

This case assigned to District Judge **Baker**
and to Magistrate Judge **Harris**

(Enter your full name, prison number and address)

v.

CIVIL ACTION NO. 5:16cv315-KGB-PSH
(To be supplied by the Clerk of the District Court)

Dallas County Detention Facility )
Tommy Stringfellow ) Deputy Parnell
John Doe - John Doe - )
John Doe - Jane Doe - ) Dallas County Detention Center
(Enter the full name and address(es),        Fordyce AR
if known, of defendant(s) in this
action):

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $150.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court **must** assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1) the average monthly deposits to your prison account, or
(2) the average monthly balance of your prison account for the prior six-month period.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you must submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

I. SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? Yes (✓) No ( )
I sued the Marshalls originally / They told me I sued the wrong people

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (✓) No ( )

C. If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit.

Plaintiffs: ~~US Marshalls~~ Terry Dosher

Defendants: US Marshalls

2. Court (if federal court, name the district; if state court, name the county)
8th Circuit Eastern District of ARK

3. Docket number_____

4. Name of judge to whom case was assigned:_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) They told me I sued the wrong people

6. Approximate date of filing lawsuit: June - 14

7. Approximate date of disposition: APR 2016

III. PLACE OF CONFINEMENT

_____

A. Is there a prisoner grievance procedure in this institution? Yes ( ) No (X)
If your answer is Yes, go to Question III B. If your answer is No, skip Question III B,C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( ) No ( )

C. If your answer is Yes to Question III B;

1. To whom and when did you complain? _____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) Yes ( ) No ( )

3. What, if any, response did you receive? (Furnish copy of response, if in writing.) _____

4. What happened as a result of your complaint? Its a lawsuit Not A greivance

D. If your answer is No to Question III B, explain why not. _____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No (X)

F. If your answer is Yes to Question III E;

1. To whom and when did you complain? _____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)

3. What, if any, response did you receive? (Furnish copy of response if in writing) _____

4. What happened as a result of your complaint? _____

IV. **PARTIES**

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: Terry Doshier 27524 009
   Address: PO Box 26040 Beaumont Texas 77720

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B. Defendant: Dallas County Detention Center is employed as _____ at the Jail
   Address: Fordyce AR

   Defendant: John Doe is employed as _____ at _____
   Address: _____

   Defendant: Tommy Stringfellow is employed as Adminstrator at Dallas County Jail
   Address: Fordyce AR

   Defendant: CO Parnell is employed as Jailer at Dallas County Jail
   Address: Fordyce AR

### V. STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include the names of other persons involved, dates and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets if necessary.

~~See attachment~~

I was detained at Dallas County Detention Center, while there Jason Phillips, who presented evidence to get my endictment started was placed there. My lawyer informed me my discovery was in the mail to me, I had a feeling Jason told so I filled out a request to be seperated with 2 witness signatures 2 days later I was attacked and beat then left in the Jail where 36 hours later I had a seizure all that time I needed medical attention and it was refused

### VI. RELIEF

State briefly exactly what you want the Court to do for you.

I have permanent damage - I want compensated

Signed this 15 day of July 2016.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

July 15 2016       _____
(Date)             (Signature of Plaintiff)

# EXHIBIT A

## DALLAS COUNTY DETENTION CENTER
## INCIDENT REPORT

INMATE NAME: Terry Doshier

INMATE NAME: Jason Phillips

DATE: 04-17-2013

TIME: 22:20

The tower called and said that a inmate was standing at the door bleeding . I went to the door and terry was standing at the door . I took terry to 120 to stop the bleeding he told me, I told you that he was bad. I said Jason, he said yes he hit me for no reason . I went back to c-pod locked Jason in his cell. Terry said he hit me and said you snitch on me, terry said, when I fell down on the floor he started kicking my head and my ribs.

## ATTACHMENT

When the claimant put in a request to view his discovery in private, Tommy Strangfellow the jail administrator for the Dallas County Detention Center asked the claimant if he needed to be separated from his nephew "Jason Phillips" because the claimant was arrested because Mr. Phillips told on him. The claimant at that time responded with a yes to the question and Tommy Strangfellow told him to put it on paper. When the paperwork was done Jody Hall, Bryan Embry, and Steven Cathy all signed the paperwork as witnesses. Officer Parnell took the Separatee and filed it but nothing was ever done to separate the two inmates. That night the claimant was attacked by Jason Phillips. (SEE ATTACHMENT ___ ) "DALLAS COUNTY INCIDENT REPORT". When the claimant was asked what had happened he told the police that he fell down the stairs and they asked if Jason Phillips pushed him. Claimant was taken to a holding cell and requested to be taken to the hospital. The officers offered him aspirin and again the claimant asked to be taken to the hospital at which point the officer said to another officer that the claimant refused medical attention and slammed claimant in a cell. The next morning the officers returned and asked again what had happened to the claimant, at that time the claimant asked to go to the hospital again and the Tommy Strangfellow said "I am not paying anyone overtime to take you to the hospital". That night the claimant fell on the floor and couldn't move or breath and finally went to the hospital. It had been a total of 24-36 hours and a seizure later before claimant received medical attention. Claimant's body was beaten bloody and had boot prints all over it.

I, **Terry Doshier**, do declare under the penalty of perjury that the foregoing is true and correct pursuant to *Title 28 U.S.C. § 1746.* Signed on this ___ day of _____, 2014.

Respectfully Submitted

_____
Terry Doshier
Reg. No. 27524-009
FCC Forrest City-Med
P.O. Box 3000
Forrest City, AR 72336

Copy This

## ATTACHMENT FROM FEDERAL TORT CLAIM FOR DAMAGE, INJURY, OR DEATH PURSUANT TO TITLE 28 U.S.C. § 2671, et. seq.

**basis of claim: Negligence**

Dated: August 29, 2014

The following shall serve as my request for consideration of an agency settlement under the Federal Tort Claims Act, *Title 28 U.S.C.§ 2671*, et., seq. based of United States Marshall Service negligent actions by placing me in a holding facility with a person who had presented evidence to the Grand Jury and made statements to authorities concerning my federal charges. By placing this person and myself in the same facility the Marshall Service did cause me to be assaulted by its negligence.

When the claimant put in a request to view his discovery in private, Tommy Strangfellow the jail administrator for the Dallas County Detention Center asked the claimant if he needed to be separated from his nephew "Jason Phillips". The claimant was arrested because Mr. Phillips told on him. The claimant at that time responded with a yes to the question and Tommy Strangfellow told him to put it on paper. When the paperwork was done Jody Hall and Bryan Embry signed the paperwork as witnesses. Officer Parnell took the Separatee and filed it but nothing was ever done to separate the two inmates. That night the claimant was attacked by Jason Phillips. **(SEE EXHIBIT- A)** "DALLAS COUNTY INCIDENT REPORT". When the claimant was asked what had happened he told the police that he fell down the stairs and they asked if Jason Phillips pushed him. Claimant was taken to a holding cell and requested to be taken to the hospital. The officers offered him aspirin and again the claimant asked to be taken to the hospital at which point the officer said to another officer that the claimant refused medical attention and slammed claimant in a cell. The next morning the officers returned and asked again what had happened to the claimant, at that time the claimant asked to go to the hospital again and the Tommy Strangfellow said "I am not paying anyone overtime, to take you to the hospital". That night the claimant fell on the floor and couldn't move or breath and finally went to the hospital. It had been a total of 24-36 hours and a

seizure later before claimant received medical attention. Claimant's body was beaten bloody and had boot prints all over it. **(SEE EXHIBIT A)** "Claimants's medical records and pictures"

The United States is responsible under the F.T.C.A. for the behavior of a federal employee while acting within the scope of his or her employment. *Title 28 U.S.C. § 2679(b)(1)* . In general, an employee acts within the scope of his employment when he is doing something to further the duties he owes to his employer and the conduct is the type that he is hired to perform.

Pursuant to *Title 28 U.S.C. § 2675* and *C.F.R. § 14.2*, the undersigned is required to ask for a specific amount of damages, and therefore, the undersigned demands $1,000,000.00. Claimant provides that this sum total will satisfy all present and future claims against the United States Government.

## DECLARATION

I, **Terry Doshier**, do declare under the penalty of perjury that the foregoing is true and correct pursuant to *Title 28 U.S.C. § 1746.* Signed on this 28 day of August, 2014.

Respectfully Submitted

*Terry Joe Doshier*
Terry Doshier
Reg. No. 27524-009
FCC Forrest City-Med
P.O. Box 3000
Forrest City, AR 72336

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Marshals Service<br>600 W. Capitol Ave. Room 445<br>United States Courthouse<br>Little Rock, AR 72201 | Terry Doshier # 27524-009<br>FCC Forrest City-Med<br>P.O. Box 3000<br>Forrest City, Ar 72336 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  [X] CIVILIAN | 4. DATE OF BIRTH<br>9-5-66 | 5. MARITAL STATUS<br>single | 6. DATE AND DAY OF ACCIDENT<br>4-17-13 | 7. TIME (A.M. OR P.M.)<br>22:20 |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Terry Doshier (claimant) was arrested in Pulaski County and taken to the Dallas County Detention Center. Claimant was housed in the same unit as his Nephew Jason Phillips. The claimant and Jason Phillips was put on an order to be separated but at the time the claimant and Mr. Phillips was already in the same housing unit at the same detention center.
****SEE ATTACHMENT****

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).
N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

I have constant emotional and anxiety problems. My vision is damaged. My eardrums are permantly damaged. I now am walking with a cain because of neuropathy and flubitis which is blod clots caused by the blunt force trauma from the attack. I have been hospitalized twice for seizures and permanent knots on my ribs along with constant fear. Also since then I been put on ANTI-ANXEETY pshyc medication

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Terrance White<br>Steven Caffey<br>Brian Embry<br>Jody Hall, Ray Williams | FCC Forrest City-Med P.O. Box 3000, Forrest city AR |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| — | $1,000,000.00 | — | $ 1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109

| | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. | | |
| 15. Do you carry accident Insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No | | |
| N/A | | |
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | | 17. If deductible, state amount. |
| N/A | | N/A |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
| N/A |
| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
| N/A |

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a seperate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-0001*

MAY - 5 2016

**CERTIFIED MAIL #**    7013 1090 0000 9858 4638

Terry Doshier, Reg. #27524-009
Federal Correctional Center Forrest City – Med
P.O. Box 3000
Forrest City, AR 72336

    **Re: Administrative Tort Claim No. OGC-#49043**

Dear Mr. Doshier:

    This responds to the above-referenced administrative tort claim received by the United States Marshals Service (USMS) on September 10, 2014, in the amount of $1,000,000.00. You claim that on April 17, 2013, you were assaulted by Jason Phillips, whom you allege the USMS should have housed separately from you while you both were detained at the Dallas County Detention Center (DCDC) in Fordyce, Arkansas.

    Our review of the circumstances and the applicable law revealed no negligence on behalf of any USMS employee. Specifically, we have no record, nor have you provided any evidence to substantiate, that there was a separation order on file when you were placed in the DCDC. Moreover, the USMS entered into an Intergovernmental Agreement to house federal pretrial detainees at the DCDC. In this regard, the daily safekeeping responsibility for federal pretrial detainees housed at a local contract jail, such as the DCDC, rests with the jail, and not with the U.S. Marshals Service. The USMS is not legally responsible for the conditions of the facility or actions of local jail personnel, since they are considered to be independent contractors. See Logue v. United States, 412 U.S. 521 (1973).

    Accordingly, your administrative tort claim against the United States in the amount of $1,000,000.00 is denied. If you are dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court no later than six months after the date of the mailing of this denial. See 28 U.S.C. § 2401(b).

Sincerely,

Gerald M. Auerbach
General Counsel