**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**TERRY JOE DOSHIER**                                                    **PLAINTIFF**
**Reg. #27524-009**

**v.**                                    **No: 5:16-cv-00315 KGB-PSH**

**TOMMY STRINGFELLOW,** *et al.*                                    **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Terry Joe Doshier, an inmate confined at the Beaumont Medium Federal Correctional Center, filed this *pro se* 42 U.S.C. § 1983 action alleging that defendants failed to protect him and that he was denied medical care after being assaulted by an inmate, Jason Phillips, while incarcerated at the Dallas County Detention Center (Doc. No. 2). Doshier sues the following defendants: Stan McGahee, Sheriff of Dallas County; Donnie Ford, former Sheriff of Dallas County; Tommy Stringfellow, former administrator of the Dallas County Detention Center;

Michael Parnell and Matthew Parnell, detention officers at the Dallas County Detention Center; and George Parnell, Deputy Jailer. Doc. Nos. 1 & 18.

Defendants McGahee, Ford, and Stringfellow move to dismiss Doshier's claims against defendants for failure to state a claim upon which relief may be granted (Doc. No. 40). Defendants Michael Parnell and Matthew Parnell later joined that motion (Doc. No. 45). Defendants argue Doshier's claims are barred by the applicable statute of limitations. *Id*. Doshier filed a response (Doc. No. 56). As explained herein, the undersigned recommends that Defendants' motions be granted.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011). "[A] complaint is subject to dismissal for failure to state a claim 'when the affirmative [limitations] defense clearly appears on the face of the complaint.'" *Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir. 1992) (quoting *White v. Padgett,* 475 F.2d 79, 82 (5th Cir.), *cert. denied,* 414 U.S. 861 (1973)).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the

complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### III. Analysis

Defendants argue that Doshier's claims are barred by the statute of limitations. In order to determine if claims are time-barred, one must look to the applicable statute of limitations period. Claims under 42 U.S.C. § 1983 are governed by the statute of limitations for personal injury actions in the state in which the claim accrues. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). In Arkansas, that statute is Ark. Code Ann. § 16-56-105(3), which provides for a three-year period of limitations. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

Doshier filed his Complaint on October 3, 2016 (Doc. No. 1). The cause of action accrued on April 17, 2013, when Doshier was attacked by an inmate after requesting to be separated from the attacker.[1] Doc. No. 1. Unless the statute of limitations was somehow tolled, Doshier's complaint was clearly untimely. In his response to the motion to dismiss, Doshier appears to claim that the statute of limitations was tolled during the 603 days between September 10, 2014, and May 5, 2016, the time period that his administrative tort claim against the United States Marshals Service was pending.[2] Doc. No. 56 at 4.

---

[1] Federal law governs section 1983 actions; as a result, "accrual occurs when the plaintiff has a complete and present cause of action . . . when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

[2] Doshier stated he filed the tort claim

based [on] United States Marshall [sic] Service negligent actions by placing me in a holding facility with a person who had presented evidence to the Grand Jury and made

Under Arkansas law, the statute of limitations is "tolled during the period of time the application for administrative remedies is pending." Ark. Code Ann. § 16-106-301. For the statute of limitations to be tolled while the prisoner exhausts administrative remedies, the prisoner must timely file a grievance *that relates to any of the named defendants in the lawsuit*. *See Ybarra v. Hobbs*, No. 1:14CV00054 BSM, 2014 WL 4285741, at *2 (E.D. Ark. Aug. 28, 2014). The pendency of Doshier's federal administrative tort claim did not toll the statute of limitations applicable to his § 1983 claim. The administrative tort claim was asserted against USMS employees. Doshier's § 1983 claim is asserted against employees of the Dallas County Detention Center. Thus his administrative claim did not relate to the same defendants named in this action. Additionally, while both claims involve the same incident, they are governed by different federal statutes. Nothing prevented Doshier from filing his § 1983 claim while the administrative tort claim was pending.

Doshier offers no other basis for a tolling of the three-year statute of limitations.[3] His complaint asserts that there was no prisoner grievance procedure available to him, and therefore he did not pursue a grievance against the defendants in this lawsuit which could have tolled the

---

statements to authorities concerning my federal charges. By placing this person and myself in the same facility the Marshall [sic] Service did cause me to be assaulted by its negligence.

Doc. No. 1 at 9. The United States Marshals Service (USMS) denied Doshier's claim on May 5, 2016. Doc. No. 1 at 13. The USMS General Counsel found no evidence of negligence on behalf of any USMS employee, and stated that "the daily safekeeping responsibility for federal pretrial detainees housed at a local contract jail, such as the DCDC, rests with the jail, and not with the U.S. Marshals Service." *Id.*

[3] *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) ("Under Arkansas law, once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the plaintiff to prove that the limitation period was in fact tolled.") (citations omitted).

statute of limitations.  Doc. No. 1, page 3.  Thus, Doshier fails to establish a basis for tolling the applicable statute of limitations, and the Court therefore recommends that this case be dismissed.

Finally, the Court's determination that this lawsuit is barred by the statute of limitations applies equally to Defendant George Parnell, who has not answered or appeared in this case.[4] Accordingly, the Court also recommends that Doshier's motion for default judgment (Doc. No. 55) be denied and that Doshier's claims against Parnell be dismissed with prejudice.[5]  *See Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc.* 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl*, Case No. 4:14CV00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled to dismissal based on a statute of limitations defense that was raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision); *Universal Cooperatives Inc. v. AAC Flying Serv. Inc.*, No. 4:11-CV-304-DPM, 2012 WL 1019582, at *6 (E.D. Ark. Mar. 26, 2012) ("But [plaintiff's] claims against all the [defendants] are the same in their essentials and in their failings as a matter of law.  A plaintiff may not, in these circumstances, take a default judgment

---

[4] The other defendants in this case informed the Court that they are aware of no one named George Parnell who has been employed at the Dallas County Detention Center.  *See* Doc. No. 44 at 2.

[5] Doshier's motion for default judgment requests default judgment against all defendants on the basis that they did not timely respond to this Court's Order to Show Cause dated January 2, 2018 (Doc. No. 38), which required defendants respond within 14 days of being *served* with the Order.  Defendants Donnie Ford, Stan MaGahee, and Tommy Stringfellow timely filed both a response and motion to dismiss (Doc. Nos. 39 & 40), and defendants Mike and Matt Parnell filed a motion to join that response and motion shortly thereafter (Doc. Nos. 44 & 45).  In any case, the defendants' timeliness in responding to the Court's Order to Show Cause is not grounds for entry of default judgment.

against one defendant, thereby producing inconsistent judgments on identical claims."), *aff'd*, 710 F.3d 790 (8th Cir. 2013).

### IV. Conclusion

The undersigned recommends that Defendants' motions to dismiss (Doc. Nos. 40 & 45) be granted and Doshier's claims against defendants be dismissed with prejudice.  The Court further recommends that Doshier's motion for default judgment (Doc. No. 55) be denied.  Dismissal of this action should count as a "strike" within the meaning of 28 U.S.C. § 1915(g), and the Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

DATED this 15th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE