# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TERRY JOE DOSHIER**                                                            **PLAINTIFF**
**REG #27524-009**

v.                 Case No. 5:16-cv-00315-KGB-PSH

**DALLAS COUNTY DETENTION FACILITY;** *et al.*             **DEFENDANTS**

## ORDER

The Court has received Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 58). Judge Harris recommends this Court grant defendants Stan McGahee, Donnie Ford, Tommy Stringfellow, Michael Parnell, and Matthew Parnell's motion to dismiss. In the Findings and Recommendation, Judge Harris determines that plaintiff Terry Joe Doshier's claims are time-barred and recommends dismissal with prejudice of this action. Judge Harris further certifies that a dismissal of this action will count as a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Mr. Doshier filed objections to the Findings and Recommendation (Dkt. No. 63). Defendants Mr. McGahee, Mr. Ford, Mr. Stringfellow, Mr. Michael Parnell, and Mr. Matthew Parnell filed a response to Mr. Doshier's objections (Dkt. No. 65). After filing his objections, Mr. Doshier filed a motion to voluntarily withdraw litigation (Dkt. No. 66).

Under Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, once an answer or motion for summary judgment is served, an action may be dismissed at the plaintiff's request only by court order and on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). Motions to

dismiss under Federal Rule of Civil Procedure 12 "are neither answers nor motions for summary judgment." *Brackett v. State Highways & Transp. Comm'n of Missouri*, 163 F.R.D. 305, 307-08 (W.D. Mo. 1995). However, courts may construe a motion to dismiss as a motion for summary judgment, thus precluding a plaintiff's right to dismiss under Rule 41(a)(1), upon presentation of evidence outside the pleadings. Fed. R. Civ. P. 12(b)(6); *see also Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1971) (motions to dismiss that were not accompanied by any affidavits or other matters outside the pleadings so as to convert the motions into motions for summary judgment, did not preclude the plaintiff from moving, before an answer was filed, for a voluntary dismissal of the amended complaint). "Although a few cases have held that because the merits of the litigation had been reached, a dismissal by notice under Rule 41(a)(1) was improper despite the fact that neither an answer nor a motion for summary judgment had been served, most cases have refused to do so." 9 Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2363 (3d. ed. 2004) (collecting cases).

The Eighth Circuit Court of Appeals has cautioned that courts should construe Rule 41(a)(1) narrowly when the rule might appear to limit the plaintiff's right to a dismissal without prejudice. *Safeguard Business Systems v. Hoeffel,* 907 F.2d 861, 863 (8th Cir. 1990) (reversing the denial of a motion for voluntary dismissal when plaintiff had noticed of voluntary dismissal without prejudice before the defendant filed an answer or motion for summary judgment but after a lengthy hearing denying plaintiff a temporary restraining order); *see also Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F. 2d 657, 660 (8th Cir. 1986) ("[T]his Court and other courts have recognized that Rule 41(a)(1)(i) must not be stretched beyond its literal terms if it is to serve its intended purpose.").

Here, defendants have not served an answer or a motion for summary judgment. Defendants' motion to dismiss is unaccompanied by evidence outside the pleadings for the Court's consideration and, thus, cannot be construed by the Court as a motion for summary judgment. As such, Mr. Doshier has the right to dismiss his lawsuit pursuant to Rule 41(a)(1)(A)(i). *See Foss*, 808 F. 2d at 660 ("Since at the time the Fosses filed their notice of voluntary dismissal with the clerk of the district court, the appellees had not yet served an answer or a motion for summary judgment, the district court erred in refusing to give effect to the dismissal."); *see also* 9 Wright & A. Miller, Fed. Prac. & Proc. Civ., § 2363.

However, a plaintiff's absolute right to dismissal is "subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). Mr. Doshier is an inmate at the Beaumont Medium Federal Correctional Center in Beaumont, Texas. Courts interpret the PLRA as an applicable federal statute for purposes of voluntary dismissal under Rule 41(a). *See Hines v. Graham*, 320 F.Supp. 2d 511, 524 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 643–44 (E.D. Va. 1998). As such, the provisions of the PLRA govern here. The PLRA states that federal courts shall dismiss actions filed *in forma pauperis* if**,** at any time**,** the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Key v. Does*, 217 F. Supp. 3d. 1006, 1008 (E.D. Ark. 2016). Such dismissal may constitute a "strike" under the PLRA. 18 U.S.C. § 1915(g). In considering the issue of voluntary dismissal under Rule 41(a), courts reason that prisoners should not be allowed to frustrate Congress's intent in enacting the PLRA by voluntarily dismissing a complaint when it appears the complaint will be unsuccessful. *Hines*, 320 F. Supp. 2d at 526; *Taylor v. First Med. Mgmt.*, 508 Fed. App'x 488, 497 (6th Cir. 2012) ("A plaintiff cannot avoid incurring a strike by simply voluntarily dismissing his claim."); *Crandle v. Elkins*, No. 2:18-CV-463, 2018 U.S. Dist.

LEXIS 92334, at *3 (W.D. La. June 1, 2018) (same). Here, Judge Harris recommends that dismissal of this action count as a "strike" within the meaning of the PLRA.

As such, the Court denies Mr. Doshier's motion to voluntarily withdraw (Dkt. No. 66). Mr. Doshier cannot avoid imposition of a strike under the PLRA by dismissing voluntarily his claims. The Court notes that, even if it declined to adopt the Findings and Recommendation and granted Mr. Doshier's motion for voluntary dismissal without prejudice, Mr. Doshier's 28 U.S.C. § 1983 claims are time-barred by the applicable statute of limitations. Mr. Doshier fails to state a claim for relief.

After a review of the Findings and Recommendation and Mr. Doshier's objections, as well as a *de novo* review of the record, the Court adopts the Findings and Recommendation in their entirety (Dkt. No. 58). Accordingly, the Court grants the motions to dismiss filed by defendants (Dkt. Nos. 40, 45). Mr. Doshier's claims are dismissed with prejudice. The Court certifies that this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g). The Court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is therefore ordered that:

1. Mr. Doshier's motion for default judgment is denied (Dkt. No. 55);

2. Mr. Doshier's motion to voluntarily withdraw is denied (Dkt. No. 66);

3. The Court adopts the Findings and Recommendation in its entirety and grants defendants' motion to dismiss (Dkt. Nos. 40, 45). Mr. Doshier's claims are dismissed with prejudice;

4. The Court certifies that this action counts as a strike within the meaning of 28 U.S.C. § 1915(g); and

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 27th day of August, 2018.

						_____
						Kristine G. Baker
						United States District Judge